ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
QINGDAO TANGBO GARMENTS CO., LTD.,                Case No.: 17-cv-6992

                      Plaintiff,                    COMPLAINT AND
                                                  JURY DEMAND

    -against-

PRG NOUVEAU, LLC, PARIGI GROUP LTD.,
PARIGI MMS HOLDINGS LLC, HARRY SAUL
TAWIL, MORRIS SROUR, MARCO SROUR
and STELLA JEMAL,

                      Defendants.
-------------------------------------------------------------------X

       Plaintiff, QINGDAO TANGBO GARMENTS CO., LTD, by its attorney, ALEXANDER M. DUDELSON, ESQ., upon information and belief complains as follows:

## NATURE OF THE ACTION

      1.     This case involves, amongst other things, a contract dispute between an overseas clothing manufacturer and a domestic importer.

      2.     In 2011, Defendants PARIGI GROUP LTD ("PARIGI LTD.") and PARIGI MMS HOLDINGS LLC ("PARIGI LLC") placed orders with Plaintiff for the manufacture and sale of various children's apparel. The children's apparel was manufactured and shipped by Plaintiff from an overseas port and accepted by Defendants PARIGI LTD and PARIGI LLC in New York.

      3.     Defendants PARIGI LTD and PARIGI LLC continued to place orders with

Plaintiff in 2012, 2013, 2014 and 2015.  However, in October 2015, defendants PARIGI LTD and PARIGI LLC failed to pay Plaintiff $1,156,292.10 for good manufactured, sold and delivered.

4.     On October 16, 2015, Defendant MORRIS SROUR, on behalf of Defendants PARIGI LTD and PARIGI LLC, entered into a written agreement with the Plaintiff regarding repayment of the debt.  Defendants PARIGI LTD and PARIGI LLC immediately defaulted under the terms of the agreement.

5.     Defendants PARIGI LTD and PARIGI LLC made a bulk sale transfer, far below market value, of the unpaid goods to Defendant PRG NOUVEAU LLC ("PRG"), a company owned by the principals of PARIGI LTD and PARIGI LLC., namely Defendants MORRIS SROUR, MARCO SROUR and STELLA JEMAL, and Defendant HARRY SAUL TAWIL. Defendants MORRIS SROUR, MARCO SROUR and STELLA JEMAL took the proceeds from the bulk sale and paid off their personal debt. Defendants also transferred their brand licenses to Defendant PRG.

6.     On April 15, 2016, Defendant PRG, under the direction of Defendant HARRY SAUL TAWIL, entered into an agreement with Plaintiff regarding repayment of the debt, which then amounted to $1,972,905.00.  Defendant PRG made three payments of $83,333.00 to the Plaintiff in July and September of 2016.  Defendant PRG then defaulted under the terms of the agreement.

## THE PARTIES

7.     Plaintiff QINGDAO TANGBO GARMENTS CO., LTD. is a corporation organized under the laws of China, with offices located No. 33- C, Shimei'an Road, Qingdao L

Qingdao, 266043 China.

8.     At all times relevant herein, Defendant PRG is a domestic limited liability company established under the laws of New York, with a principal place of business at 20 West 33rd Street, New York, New York.

9.     At all times relevant herein, Defendant PARIGI LTD is a domestic business corporation established under the laws of New York, with a principal place of business located at 112 West 34th Street, New York, New York 10001.

10.     At all times relevant herein, Defendant PARIGI LLC is a limited liability company established under the laws of Delaware, with a principal place of business located at 112 West 34th Street, New York, New York.

11.     Upon information and belief, Defendant PARIGI LLC's membership is comprised of Defendants MORRIS SROUR and MARCO SROUR, who are all citizens of the State of New York.

12.     Upon information and belief, Defendant PRG's membership is comprised of Defendants HARRY SAUL TAWIL, MORRIS SROUR, MARCO SROUR, who are all citizens of the State of New York.

13.     Upon information and belief, Defendant HARRY SAUL TAWIL resides in the State of New York and is directly or indirectly a principal and/or officer of PRG.

14.     Upon information and belief, Defendant MORRIS SROUR resides in the State of New York and is directly or indirectly a principal and/or officer of PARIGI LTD, PARIGI LLC and PRG.

15.     Upon information and belief, Defendant MARCO SROUR resides in the State of

New York and is directly or indirectly a principal and/or officer of PARIGI LTD, PARIGI LLC and PRG.

16. Upon information and belief, Defendant STELLA JEMAL resides in the State of New York and is directly or indirectly a principal and/or officer of PARIGI LTD, PARIGI LLC and PRG.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2) because: (i) the matter in controversy exceeds $75,000.00; (ii) QINGDAO is a citizen of China; and (iii) Defendants PRG LTD, HARRY SAUL TAWIL, MORRIS SROUR, MARCO SROUR and STELLA JEMAL and are citizens of the State of New York, and all of the members of Defendants PARIGI LLC and PRG are citizens of the State of New York.

18. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred within this district.

19. Venue is also proper in this district under 15 U.S.C. § 80a-43 and 15 U.S.C. § 80b-14 because the Defendants are inhabitants of, and/or transact business in, this district.

## FACTS

20. In or about December of 2015, Defendant PARIGI LTD held the license for Lucky Brand infant and childrenswear.

21. In or about December of 2015, Defendant PARIGI LLC held the license for DKNY infant and childrenswear.

21. Upon information and belief, at all relevant times herein, Defendants MORRIS SROUR, MARCO SROUR and STELLA JEMAL were the guarantors of a certain Note given to

CIT Bank, N.A. by PARIGI LTD.

22. Upon information and belief, at all relevant times herein, Defendants MORRIS SROUR, MARCO SROUR and STELLA JEMAL were the guarantors of a certain Note given to CIT Bank, N.A. by PARIGI LLC.

23. Upon information and belief, CIT Bank, N.A.'s loan to PARIGI LTD and PARIGI LLC was secured by the respective business's inventory of children's apparel.

24. That PARIGI LLC is the alter ego of PARIGI LTD.

27. Commencing in 2011, Defendants PARIGI LTD and PARIGI LLC placed orders with Plaintiff for the of various infant and children's apparel under the brands Lucky Brand and DKNY.

28. Defendants PARIGI LTD and PARIGI LLC continued to place orders with Plaintiff for the production of various infant and children's apparel under the brands Lucky Brand and DKNY in 2012, 2013, 2014.

29. All of Plaintiff's invoices for the manufacturing of the Lucky Brand and DKNY apparel through the year of 2014 were paid in full by Defendants PARIGI LTD and PARIGI LLC.

30. In 2015, Defendants PARIGI LTD and PARIGI LLC placed additional orders with Plaintiff for the production of Lucky Brand and DKNY childrenswear.

31. Upon information and belief, in October of 2015, PARIGI LLC and PARIGI LTD were insolvent having more liabilities than assets.

32. In October of 2015, PARIGI LLC and PARIGI LTD had open invoices with the Plaintiff in the amount of $1,156,292.10.

33. On October 16, 2015, Defendant PARIGI LTD "and each of its affiliates" entered into an agreement with Plaintiff for the repayment of $1,156,292.10, wherein the first payment under the agreement would be tendered on December 31, 2015.

34. Defendants PARIGI LLC and PARIGI LTD also made additional orders with Plaintiff for the production of Lucky Brand and DKNY childrenswear.

35. Upon information and belief, in or about December of 2015, Defendants MORRIS SROUR, MARCO SROUR and STELLA JEMAL were in negotiation with Defendant HARRY SAUL TAWIL for the purchase of Defendants PARIGI LTD and PARIGI LLC.

36. On December 31, 2015, Defendants PARIGI LTD and PARIGI LLC defaulted under the terms of the October 16, 2015 agreement by failing to tender the first payment.

37. In January of 2016, Defendant MORRIS SROUR advised Plaintiff that Defendants PARIGI LTD and PARIGI LLC were being purchased by Defendant HARRY SAUL TAWIL and Q4 Designs LLC.

38. Upon information and belief, in January of 2016, Defendants MORRIS SROUR, MARCO SROUR, STELLA JEMAL and HARRY SAUL TAWIL formed Defendant PRG.

39. Upon information and belief, at all relevant times herein, HARRY SAUL TAWIL owned 50% of the units of PRG.

40. Upon information and belief, Defendants MORRIS SROUR, MARCO SROUR, STELLA JEMAL owned 50% of the units of Defendant PRG.

41. Upon information and belief, upon forming Defendant PRG, Defendant PRG began purchasing and receiving goods ordered by PARIGI LTD and PARIGI LLC.

42. Upon forming Defendant PRG, Defendants PARIGI LTD and PARIGI LLC

began to sell their inventory to Defendant PRG at a price less than cost and less than the fair market value.

43. Defendants PARIGI LTD and PARIGI LLC paid the proceeds of the discounted sale to CIT Bank, N.A., thereby paying off the personal debt of Defendants MORRIS SROUR, MARCO SROUR and STELLA JEMAL.

44. Defendant PRG would then resell the inventory at a price in excess of cost and equal to fair market value to Defendants PARIGI LTD and PARIGI LLC retail or chain store customers.

45. Upon information and belief, Defendants PARIGI LTD and PARIGI LLC never filed a Notification of Sale, Transfer, or Assignment in Bulk with the New York State Department of Taxation and Finance.

46. Likewise, none of Defendants PARIGI LTD and PARIGI LLC's creditors were notified of the bulk sale.

47. By reason of the common ownership and management of Defendants PRG, PARIGI LTD and PARIGI LLC, and the business opportunities heretofore set forth herein, Defendant PRG is the alter ego of Defendants PARIGI LTD and PARIGI LLC.

48. From January of 2016 through April of 2016, Plaintiffs manufactured goods were being delivered to PRG.

49. In April of 2016, Defendant MORRIS SROUR advised Plaintiff that Defendants PARIGI LTD and PARIGI LLC was insolvent and would not be paying any of the open invoices.

50. On April 15, 2016, Plaintiff's representative met with Defendant HARRY SAUL

TAWIL at the office of Q4 Designs LLC.

51. That Defendant HARRY SAUL TAWIL advised Plaintiff that Defendant PRG now owned the childrenswear licenses.

52. That Defendant HARRY SAUL TAWIL advised Plaintiff that Defendant PRG would continue business with Plaintiff on the condition that the amount due on the open invoices be reduced to $1,000,000.00.

53. That Defendant HARRY SAUL TAWIL furnished Plaintiff with an agreement wherein PRG would pay Plaintiff $1,000,000.00 over twelve months, commencing within (60) days of the agreement.

54. That Plaintiff executed the agreement in the presence of Defendant HARRY SAUL TAWIL.

55. Defendant HARRY SAUL TAWIL advised plaintiff that he would sign the agreement and deliver it to Plaintiff.

56. The agreement was later delivered to Plaintiff without a signature from Defendant PRG.

57. On August 3, 2016, Defendant PRG wired a payment to Plaintiff in the amount of $83,333.00.

58. On September 2, 2016, Defendant PRG wired a payment to Plaintiff in the amount of $83,333.00.

59. On September 15, 2016, Defendant PRG wired a payment to Plaintiff in the amount of $83,333.00.

60. Thereafter, Defendant PRG failed to make payment under the agreement.

61. On April 6, 2017, Plaintiff advised Defendant PRG that it was in default under the agreement.

62. Defendant PRG advised Plaintiff that Defendants PARIGI LTD and PARIGI LLC were responsible for the debt.

## COUNT I
### (Breach of Contract)

63. Plaintiff QINGDAO, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

64. That Defendants delivered purchase orders to the Plaintiff for the production and delivery of children's apparel.

65. From January of 2015 through April of 2016, Plaintiff sold and delivered to Defendants for the agreed price and reasonable value in the principal amount of $1,972,905.00

66. In connection with the invoices, Defendant PRG has made payment in the amount of $249,999.00.

67. Although having been duly demanded, Defendants have failed to tender payment in the amount of $1,722,906.00.

68. Copies of commercial invoices, packing slips and bills of lading have been delivered to the Defendants.

69. That Plaintiff has provided the Defendants with a schedule containing: the item number, shipment quantity, description of goods shipped, dollar value of shipment, invoice number, invoice date, and payment due.

70. By reason of the foregoing, Plaintiff has been damaged in the amount of

$1,722,906.00.

## COUNT II
### (Fraud)

71. Plaintiff QINGDAO, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

72. From in or about December of 2015 through September of 2016, Defendants MORRIS SROUR, MARCO SROUR, STELLA JEMAL and HARRY SAUL TAWIL formulated and executed a plan or scheme to defraud creditors of Defendants PARIGI LTD and PARIGI LLC, transfer assets from Defendants PARIGI LTD and PARIGI LLC to Defendant PRG, transfer business between the entities, pay-off and cause release of personal guarantees, and divert assets and profits from goods owned by and the business of Defendants PARIGI LTD and PARIGI LLC to Defendant PRG.

73. In furtherance of the scheme, Defendants MORRIS SROUR, MARCO SROUR, STELLA JEMAL and HARRY SAUL TAWIL caused Defendants PARIGI LTD and PARIGI LLC purchase and receive the delivery of goods.

74. In furtherance of the scheme, Defendants MORRIS SROUR, MARCO SROUR, STELLA JEMAL and HARRY SAUL TAWIL, failed to pay industry creditors for the goods delivered to Defendants PARIGI LTD and PARIGI LLC.

75. In furtherance of the scheme, Defendants MORRIS SROUR, MARCO SROUR, STELLA JEMAL and HARRY SAUL TAWIL caused Defendants PARIGI LTD and PARIGI LLC to sell their inventory to Defendant PRG, at a price less than cost and less than fair market, in which each of the individual Defendants has an interest.

76. In furtherance of the scheme, Defendants MORRIS SROUR, MARCO SROUR,

STELLA JEMAL and HARRY SAUL TAWIL caused the proceeds of the sale of Defendants PARIGI LTD and PARIGI LLC inventory to CIT Bank, N.A. to eliminate any personal debt owed by MORRIS SROUR, MARCO SROUR and STELLA JEMAL.

77.  In furtherance of the scheme, Defendants MORRIS SROUR, MARCO SROUR, STELLA JEMAL and HARRY SAUL TAWIL resold the inventory at a price in excess of cost and equal to fair market value to retainers and/or chain store customers through Defendant PRG.

78.  The Defendants are in possession of Defendants PARIGI LTD and PARIGI LLC's property and have exploited the assets, goodwill and business opportunities that belong to Defendants PARIGI LTD and PARIGI LLC.

79.  By reason of the common ownership and management of Defendants PARIGI LTD, PARIGI LLC and PRG, and exploitation of the assets and business opportunities of Defendants PARIGI LTD and PARIGI LLC, Defendant PRG is the alter ego of PARIGI LTD and PARIGI LLC.

80.  As a result of the Defendants fraud, the Plaintiff has sustained damages.

### COUNT III
### (Conversion)

81.  Plaintiff QINGDAO, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

82.  That Plaintiff had legal ownership of the goods ordered by Defendants PARIGI LTD and PARIGI LLC.

83.  That Defendants PARIGI LTD and PARIGI LLC exercised an unauthorized dominion over the property to the exclusion of the Plaintiff's rights by failing to pay for the goods.

84. That Defendants PRG, MORRIS SROUR, MARCO SROUR, STELLA JEMAL and HARRY SAUL TAWIL knowingly received these stolen goods and then resold the property at a profit.

85. That Defendants MORRIS SROUR, MARCO SROUR, STELLA JEMAL and HARRY SAUL TAWIL acted with malice, aforethought and deceit.

86. By reason of the foregoing, Plaintiff has been damaged in the amount of $1,722,906.00.

## JURY DEMAND

87. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff QINGDAO respectfully requests that this Court grant the following relief:

a. Damages in the amount of $1,722,906.00.;

b. Punitive damages;

c. An award of prejudgment and post judgment interest;

d. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

e. Such other, further, and different relief as this Court deems just and proper.

Dated: Brooklyn, New York
       September 14, 2017

/s/ Alexander M. Dudelson
ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100