ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

QINGDAO TANGBO GARMENTS CO., LTD.,                    Case No.: 17-cv-6992

                                    Plaintiff,                    AMENDED
                                                                  COMPLAINT AND
                    -against-                                     JURY DEMAND

PRG NOUVEAU, LLC, PARIGI GROUP LTD.,
PARIGI MMS HOLDINGS LLC, HARRY SAUL
TAWIL, MORRIS SROUR, MARCO SROUR
and STELLA JEMAL,

                                    Defendants.
------------------------------------------------------------------X

     Plaintiff, QINGDAO TANGBO GARMENTS CO., LTD, by its attorney, ALEXANDER

M. DUDELSON, ESQ., upon information and belief complains as follows:

### NATURE OF THE ACTION

     1.     This case involves, amongst other things, a contract dispute between an overseas

clothing manufacturer and a domestic importer.

     2.     In 2011, Defendants PARIGI GROUP LTD ("PARIGI LTD.") and PARIGI MMS

HOLDINGS LLC ("PARIGI LLC") placed orders, via purchase order, with Plaintiff for the

manufacture and sale of various children's apparel. The children's apparel was manufactured

and shipped by Plaintiff from an overseas port and accepted by Defendants PARIGI LTD and

PARIGI LLC in New York.

-1-

3.       Defendants PARIGI LTD and PARIGI LLC continued to place orders with Plaintiff in 2012, 2013, 2014 and 2015.  However, in October 2015, defendants PARIGI LTD and PARIGI LLC failed to pay Plaintiff $1,156,292.10 for goods ordered, manufactured, delivered and invoiced.

4.       On October 16, 2015, Defendant MORRIS SROUR, on behalf of Defendants PARIGI LTD and PARIGI LLC, entered into a written agreement with the Plaintiff regarding repayment of the debt.  Defendants PARIGI LTD and PARIGI LLC immediately defaulted under the terms of the agreement.

5.       Defendants PARIGI LTD and PARIGI LLC made a bulk sale transfer, 73% of the cost and far below market value, of the unpaid goods to Defendant PRG NOUVEAU LLC ("PRG"), a company owned by the principals of PARIGI LTD and PARIGI LLC, namely Defendants MORRIS SROUR, MARCO SROUR and STELLA JEMAL, and Defendant HARRY SAUL TAWIL.  Defendants MORRIS SROUR, MARCO SROUR and STELLA JEMAL took the proceeds from the bulk sale and paid off their personal debt. Defendants also transferred their brand licenses to Defendant PRG.

6.       On April 15, 2016, Defendant PRG, under the direction of Defendant HARRY SAUL TAWIL, entered into an agreement with Plaintiff regarding repayment of the debt, which then amounted to $1,972,905.00.  Defendant PRG made three payments of $83,333.00 to the Plaintiff in July and September of 2016.  Defendant PRG then defaulted under the terms of the agreement.

## THE PARTIES

7.       Plaintiff QINGDAO TANGBO GARMENTS CO., LTD. is a corporation

organized under the laws of China, with offices located No. 33- C, Shimei'an Road, Qingdao L

Qingdao, 266043 China.

8.      At all times relevant herein, Defendant PRG is a domestic limited liability

company established under the laws of New York, with a principal place of business at 20 West

33rd Street, New York, New York.

9.      At all times relevant herein, Defendant PARIGI LTD is a domestic business

corporation established under the laws of New York, with a principal place of business located at

112 West 34th Street, New York, New York 10001.

10.     At all times relevant herein, Defendant PARIGI LLC is a limited liability

company established under the laws of Delaware, with a principal place of business located at

112 West 34th Street, New York, New York.

11.     Upon information and belief, Defendant PARIGI LLC's membership is comprised of

Defendants MORRIS SROUR and MARCO SROUR, who are all citizens of the State of New

York.

12.     Upon information and belief, Defendant PRG's membership is comprised of

Defendants HARRY SAUL TAWIL, MORRIS SROUR, MARCO SROUR, who are all citizens

of the State of New York.

13.     Upon information and belief, Defendant HARRY SAUL TAWIL resides in the

State of New York and is directly or indirectly a principal and/or officer of PRG.

14.     Upon information and belief, Defendant MORRIS SROUR resides in the State of

New York and is directly or indirectly a principal and/or officer of PARIGI LTD, PARIGI LLC

and PRG.

15.    Upon information and belief, Defendant MARCO SROUR resides in the State of New York and is directly or indirectly a principal and/or officer of PARIGI LTD, PARIGI LLC and PRG.

16.    Upon information and belief, Defendant STELLA JEMAL resides in the State of New York and is directly or indirectly a principal and/or officer of PARIGI LTD, PARIGI LLC and PRG.

## JURISDICTION AND VENUE

17.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2) because: (i) the matter in controversy exceeds $75,000.00; (ii) QINGDAO is a citizen of China; and (iii) Defendants PARIGI LTD, HARRY SAUL TAWIL, MORRIS SROUR, MARCO SROUR and STELLA JEMAL and are citizens of the State of New York, and all of the members of Defendants PARIGI LLC and PRG are citizens of the State of New York.

18.    Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred within this district.

19.    Venue is also proper in this district under 15 U.S.C. § 80a-43 and 15 U.S.C. § 80b-14 because the Defendants are inhabitants of, and/or transact business in, this district.

## FACTS

20.    Upon information and belief, in or about January of 2011 through December of 2015, Defendant PARIGI LTD held the license for Lucky Brand infant and childrenswear.

21.    Upon information and belief, in or about January of 2011 through December of 2015, Defendants PARIGI LTD and PARIGI LLC jointly held the license for DKNY infant and childrenswear.

22.     Upon information and belief, in or about January of 2011 through December of 2015, Defendant PARIGI LTD held the license for Penguin by Munsingwear infant and childrenswear.

23.     Upon information and belief, at all relevant times herein, Defendants MORRIS SROUR, MARCO SROUR and STELLA JEMAL were the guarantors of a certain Note given to CIT Bank, N.A. by PARIGI LTD.

24.     Upon information and belief, at all relevant times herein, Defendants MORRIS SROUR, MARCO SROUR and STELLA JEMAL were the guarantors of a certain Note given to CIT Bank, N.A. by PARIGI LLC.

25.     Upon information and belief, CIT Bank, N.A.'s loan to PARIGI LTD and PARIGI LLC was secured by the respective business's inventory of children's apparel.

26.     That PARIGI LLC and PARIGI LTD both lack the formalities and paraphernalia that are part and parcel of the corporate existence such as the election of directors and keeping of corporate records.

27.     At all times relevant herein, PARIGI LLC and PARIGI LTD had and overlap in ownership, officers, directors and personnel.

28.     At all times relevant herein, PARIGI LLC and PARIGI LTD shared common office space, address and telephone numbers.

29.     At all times relevant herein, PARIGI LLC and PARIGI LTD were treated as one profit center.

30.     At all times relevant herein, PARIGI LLC and PARIGI LTD paid and guaranteed the debt of one another.

31.    At all times relevant herein, PARIGI LLC and PARIGI LTD shared use of each others property.

32.    That PARIGI LLC is the alter ego of PARIGI LTD.

33.    Commencing in 2011, Defendants PARIGI LTD and PARIGI LLC placed orders with Plaintiff for the of various infant and children's apparel under the brands Lucky Brand and DKNY.

34.    The business relationship between Plaintiff and Defendants PARIGI LTD and PARIGI LLC was not documented in a master written contract.

35.    Rather, the Plaintiff and Defendants PARIGI LTD and PARIGI LLC conducted business pursuant to a system of purchase orders, invoices, and letters of credit.

36.    To initiate an order for garments, Defendants PARIGI LTD and PARIGI LLC would send the plaintiff a purchase order that specified a style, color, quantity, per-unit price, and total price of goods to manufactured.

37.    The purchase order also contained a "Buying Agent/Direct Vendors Agreement," which required, amongst other things, that each shipment shall contain a true and complete test report with all applicable standards under the United States consumer product safety act and pursuant to the United States Consumer Product Safety Act.  (A copy of a Purchase Order is attached hereto as Exhibit "A").

38.    When the goods were manufactured and shipped, Plaintiff would send Defendants PARIGI LTD and PARIGI LLC an invoice for the agreed-upon price of the goods.

39.    The system of issuing purchase orders and invoices is the commercial custom for the garment industry.

40.    Defendants PARIGI LTD and PARIGI LLC continued to place orders with Plaintiff for the production of various infant and children's apparel under the brands Lucky Brand and DKNY in 2012, 2013, 2014.

41.    All of Plaintiff's invoices for the manufacturing of the Lucky Brand and DKNY apparel through the year of 2014 were paid in full by Defendants PARIGI LTD and PARIGI LLC.

42.    In 2015, Defendants PARIGI LTD and PARIGI LLC placed additional orders with Plaintiff for the production of Lucky Brand, DKNY and Penguin by Munsingwear childrenswear through the delivery of a purchase order.

43.    When the goods were manufactured and shipped on the 2015 purchase orders, Plaintiff sent Defendants PARIGI LTD and PARIGI LLC an invoice for the agreed-upon price of the goods.

44.    Upon information and belief, in October of 2015, PARIGI LLC and PARIGI LTD were insolvent having more liabilities than assets.

45.    In October of 2015, PARIGI LLC and PARIGI LTD had open invoices with the Plaintiff in the amount of $1,156,292.10.

46.    On October 16, 2015, Defendant PARIGI LTD "and each of its affiliates" entered into an agreement with Plaintiff for the repayment of $1,156,292.10, wherein the first installment would be paid on or before December 31, 2015 and the last installment would be paid on December 15, 2016.  (A copy of the contract is attached hereto as Exhibit "B").

47.    Defendants PARIGI LLC and PARIGI LTD also made additional orders with Plaintiff for the production of Lucky Brand, DKNY and Penguin by Munsingwear childrenswear

by delivering purchase orders to Plaintiff.

48.     Upon information and belief, in or about December of 2015, Defendants MORRIS SROUR, MARCO SROUR and STELLA JEMAL were in negotiation with Defendant HARRY SAUL TAWIL for the purchase of Defendants PARIGI LTD and PARIGI LLC.

49.     On December 31, 2015, Defendants PARIGI LTD and PARIGI LLC defaulted under the terms of the October 16, 2015 agreement by failing to tender the first payment.

50.     In January of 2016, Defendant MORRIS SROUR advised Plaintiff that Defendants PARIGI LTD and PARIGI LLC were being purchased by Defendant HARRY SAUL TAWIL and Q4 Designs LLC.

51.     Upon information and belief, in January of 2016, Defendants MORRIS SROUR, MARCO SROUR, STELLA JEMAL and HARRY SAUL TAWIL formed Defendant PRG.

52.     Upon information and belief, at all relevant times herein, HARRY SAUL TAWIL owned 50% of the units of PRG.

53.     Upon information and belief, Defendants MORRIS SROUR, MARCO SROUR, STELLA JEMAL owned 50% of the units of Defendant PRG.

54.     Upon information and belief, upon forming Defendant PRG, Defendant PRG began purchasing and receiving goods ordered by PARIGI LTD and PARIGI LLC.

55.     Upon forming Defendant PRG, Defendants PARIGI LTD, PARIGI LLC and PRG began to share office space at the location of Q4 Designs LLC, Defendant HARRY SAUL TAWIL's company.

56.     Upon forming Defendant PRG, Defendants PARIGI LTD and PARIGI LLC began to sell their inventory to Defendant PRG in the amount of 73% the cost of the goods.

57.     Defendants PARIGI LTD and PARIGI LLC paid the proceeds of the discounted sale to CIT Bank, N.A., thereby paying off the personal debt of Defendants MORRIS SROUR, MARCO SROUR and STELLA JEMAL.

58.     Defendant PRG would then resell the inventory at a price in excess of cost and equal to fair market value to Defendants PARIGI LTD and PARIGI LLC retail or chain store customers.

59.     Upon information and belief, Defendants PARIGI LTD and PARIGI LLC never filed a Notification of Sale, Transfer, or Assignment in Bulk with the New York State Department of Taxation and Finance.

60.     Likewise, none of Defendant PARIGI LTD and PARIGI LLC's creditors were notified of the bulk sale.

61.     Upon information and belief, the sale of inventory to Defendant PRG at a price less than cost and less than the fair market value was not pursuant to a resolution of the officers, directors or shareholders of Defendants PARIGI LTD and PARIGI LLC.

62.     From January of 2016 through April of 2016, goods that were being manufactured by the Plaintiff pursuant PARIGI LTD and PARIGI LLC purchase orders were being delivered to and were accepted by Defendant PRG.

63.     On or about April 6, 2016, Defendants PARIGI LTD and PARIGI LLC assigned their joint rights to the DKNY childrenswear license to Defendant PRG.

64.     On or about April 6, 2016, Defendant PARIGI LTD assigned its rights to the Lucky Brand infant and childrenswear license to Defendant PRG.

65.     Upon information and belief, on or about April 6, 2016, Defendant PARIGI LTD assigned its rights to the Penguin by Munsingwear infant and childrenswear license to Defendant PRG.

66.     Upon information and belief, the transfer of licenses from Defendants PARIGI LTD and PARIGI LLC to Defendant PRG was not pursuant to a resolution of the officers, directors or shareholders.

67.     Upon information and belief, in April of 2016, Defendant PRG, in writing, assumed all of PARIGI LTD and PARIGI LLC liabilities and obligations owed to Plaintiff, in the amount of $1,973,000.00, as well as other creditors.

68.     By reason of the common ownership and management of Defendants PRG, PARIGI LTD and PARIGI LLC, the assumption of debts, and the business opportunities heretofore set forth herein, Defendant PRG is the alter ego of Defendants PARIGI LTD and PARIGI LLC.

69.     In April of 2016, Defendant MORRIS SROUR advised Plaintiff that Defendants PARIGI LTD and PARIGI LLC was insolvent and would not be paying any of the open invoices.

70.     On April 15, 2016, Plaintiff's representative met with Defendant HARRY SAUL TAWIL at the office of Q4 Designs LLC.

71.     That Defendant HARRY SAUL TAWIL advised Plaintiff that Defendant PRG now owned the childrenswear licenses.

72.     That Defendant HARRY SAUL TAWIL advised Plaintiff that Defendant PRG would continue business with Plaintiff on the condition that the amount due on the open invoices

be reduced to $1,000,000.00.

73.    That Defendant HARRY SAUL TAWIL furnished Plaintiff with an agreement wherein PRG would pay Plaintiff $1,000,000.00 over twelve months, commencing within (60) days of the agreement.

74.    That Plaintiff executed the agreement in the presence of Defendant HARRY SAUL TAWIL.

75.    Defendant HARRY SAUL TAWIL advised plaintiff that he would sign the agreement and deliver it to Plaintiff.

76.    The agreement was later delivered to Plaintiff without a signature from a representative of Defendant PRG.

77.    On August 3, 2016, Defendant PRG wired a payment to Plaintiff in the amount of $83,333.00.

78.    On September 2, 2016, Defendant PRG wired a payment to Plaintiff in the amount of $83,333.00.

79.    On September 15, 2016, Defendant PRG wired a payment to Plaintiff in the amount of $83,333.00.

80.    Thereafter, Defendant PRG failed to make payment under the agreement.

81.    On April 6, 2017, Plaintiff advised Defendant PRG that it was in default under the agreement.

82.    Defendant PRG advised Plaintiff that Defendants PARIGI LTD and PARIGI LLC were responsible for the debt.

## COUNT I

-11-

**(Breach of Contract**
**Defendants Parigi Ltd and Parigi LLC)**

83.     Plaintiff QINGDAO, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

84.     The Uniform Commercial Code ("UCC") applies because the garments at issue are "goods" within the meaning of U.C.C. § 2-105.

85.     The parties' business relationship was conducted on a purchase order basis: no mater contract governed the relationship of the parties.

86.     Each purchase order issued by the Defendants and accepted by Plaintiff created a distinct contractual obligation.

87.     That Defendants delivered purchase orders to the Plaintiff for the production and delivery of children's apparel.

88.     The parties' have a course of dealing business through purchase orders and invoices.

89.     From January of 2015 through April of 2016, Plaintiff manufactured and delivered goods to Defendants and issued invoices for the agreed price and reasonable value in the principal amount of $1,972,905.00.

90.     In connection with the invoices, Defendant PRG has made payment in the amount of $249,999.00.

91.     Although having been duly demanded, Defendants have failed to tender payment in the amount of $1,722,906.00.

92.     Copies of commercial invoices, packing slips and bills of lading have been

-12-

delivered to the Defendants PARIGI LTD and PARIGI LLC.

93.    That Plaintiff has provided the Defendants PARIGI LTD and PARIGI LLC with a schedule containing: the item number, shipment quantity, description of goods shipped, dollar value of shipment, invoice number, invoice date, and payment due.

94.    The Defendants never cancelled the invoiced orders nor did they make claims for charge backs.

95.    By reason of the foregoing, Plaintiff has been damaged in the amount of $1,722,906.00.

## COUNT II
### (Breach of Contract
### Defendant PRG)

96.    Plaintiff QINGDAO, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

97.    The Uniform Commercial Code ("UCC") applies because the garments at issue are "goods" within the meaning of U.C.C. § 2-105.

98.    The parties' business relationship was conducted on a purchase order basis: no mater contract governed the relationship of the parties.

99.    Each purchase order issued by the Defendants and accepted by Plaintiff created a distinct contractual obligation.

100.    That Defendants delivered purchase orders to the Plaintiff for the production and delivery of children's apparel.

101.    The parties' have a course of dealing business through purchase orders and invoices.

102.    From January of 2015 through April of 2016, Plaintiff manufactured and delivered goods to Defendants PARIGI LTD and PARIGI LLC and issued invoices for the agreed price and reasonable value in the principal amount of $1,972,905.00.

103.    In connection with the invoices, Defendant PRG has made payment in the amount of $249,999.00.

104.    Although having been duly demanded, Defendants have failed to tender payment in the amount of $1,722,906.00.

105.    Copies of commercial invoices, packing slips and bills of lading have been delivered to the Defendants.

106.    That Plaintiff has provided the Defendants with a schedule containing: the item number, shipment quantity, description of goods shipped, dollar value of shipment, invoice number, invoice date, and payment due.

107.    The Defendants never cancelled the invoiced orders nor did they make claims for charge backs.

108.    Defendant PRG is liable via its assumption of Defendants PARIGI LTD and PARIGI LLC by written agreement between Defendant HARRY SAUL TAWIL and Defendants MORRIS SROUR, MARCO SROUR and STELLA JEMAL, and based on partial payment of the debt.

109.    Alternatively, Defendant PRG is liable as it is the alter ego of Defendants PARIGI LTD and PARIGI LLC by reason of the common ownership and management of Defendants PARIGI LTD, PARIGI LLC and PRG, and exploitation of the assets and business opportunities of Defendants PARIGI LTD and PARIGI LLC.

-14-

110.    By reason of the foregoing, Plaintiff has been damaged in the amount of $1,722,906.00.

## COUNT III
### (Breach of Contract
### Harry Saul Tawil, Morris Srour, Marco Srour and Stella Jemal)

111.    Plaintiff QINGDAO, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

112.    That Defendants HARRY SAUL TAWIL, MORRIS SROUR, MARCO SROUR and STELLA JEMAL exercised complete dominion and control over Defendants PARIGI LTD, PARIGI LLC and PRG with respect to corporate decisions and the transfer of the assets.

113.    HARRY SAUL TAWIL, MORRIS SROUR, MARCO SROUR and STELLA JEMAL caused Defendants PARIGI LTD and PARIGI LLC sell their inventory to Defendant PRG at 73% of the cost and substantially less than the fair market value.

114.    That the only capital raised from the sale was utilized to payoff the CIT Bank loans, which were personally guaranteed by Defendants MORRIS SROUR, MARCO SROUR and STELLA JEMAL.

115.    Defendants HARRY SAUL TAWIL, MORRIS SROUR, MARCO SROUR and STELLA JEMAL caused Defendants PARIGI LTD and PARIGI LLC to transfer its licenses to Defendant PRG.

116.    That HARRY SAUL TAWIL, MORRIS SROUR, MARCO SROUR and STELLA JEMAL stripped PARIGI LTD and PARIGI LLC of their assets to render the companies judgment proof.

117.    HARRY SAUL TAWIL represented to Plaintiff that Defendant PRG was not

-15-

responsible for PARIGI LTD and PARIGI LLC's debts despite a written agreement between Defendants PRG, PARIGI LTD, HARRY SAUL TAWIL, MORRIS SROUR, MARCO SROUR and STELLA JEMAL stating that Defendant PRG would assume the debt owed to Plaintiff.

118.    That Defendants HARRY SAUL TAWIL, MORRIS SROUR, MARCO SROUR and STELLA JEMAL abused their privileges of doing business in the corporate form to perpetrate a wrong against the Plaintiff.

119.    Defendants HARRY SAUL TAWIL, MORRIS SROUR, MARCO SROUR and STELLA JEMAL are the alter ego of Defendants PARIGI LTD and PARIGI LLC by reason of the common ownership and management of Defendants PARIGI LTD, PARIGI LLC and PRG, the exploitation of the assets and business opportunities of Defendants PARIGI LTD and PARIGI LLC, and the harm caused to Plaintiff.

120.    By reason of the foregoing, Plaintiff has been damaged in the amount of $1,722,906.00.

## COUNT IV
### (Constructive Fraudulent Transfer
### All Defendants)

121.    Plaintiff QINGDAO, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

122.    Pursuant to New York Debtor and Creditor Law § 273 "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without fair consideration."

123.    Defendants MORRIS SROUR, MARCO SROUR and STELLA JEMAL were

officers and shareholders of Defendants PARIGI LTD and PARIGI LLC who caused Defendants

PARIGI LTD and PARIGI LLC to convey to Defendant PRG goods and licenses.

124.     That MORRIS SROUR, MARCO SROUR and STELLA JEMAL were all

shareholders and officers of Defendant PRG.

125.     That Defendants PARIGI LTD and PARIGI LLC, by and through Defendants

MORRIS SROUR, MARCO SROUR and STELLA JEMAL, transferred and assigned

childrenswear goods and licenses to Defendant PRG without adequate compensation.

126.     At the time of the transfer of childrenswear and the licenses, PARIGI LTD and

PARIGI LLC were insolvent.

127.     As a result of the Defendants constructive fraud, the Plaintiff has sustained

damages.

## COUNT V
### (Actual Fraud
### All Defendants)

128.     Plaintiff QINGDAO, repeats, realleges, and incorporates by reference the

foregoing allegations as if set forth fully and again herein.

129.     From in or about December of 2015 through September of 2016, Defendants

MORRIS SROUR, MARCO SROUR, STELLA JEMAL and HARRY SAUL TAWIL

formulated and executed a plan or scheme to defraud creditors of Defendants PARIGI LTD and

PARIGI LLC, transfer assets from Defendants PARIGI LTD and PARIGI LLC to Defendant

PRG, transfer business between the entities, pay-off and cause release of personal guarantees,

and divert assets and profits from goods owned by and the business of Defendants PARIGI LTD

and PARIGI LLC to Defendant PRG.

130.    In furtherance of the scheme, Defendants MORRIS SROUR, MARCO SROUR, STELLA JEMAL and HARRY SAUL TAWIL caused Defendants PARIGI LTD and PARIGI LLC to purchase and receive the delivery of goods from the plaintiff.

131.    In furtherance of the scheme, Defendants MORRIS SROUR, MARCO SROUR, STELLA JEMAL and HARRY SAUL TAWIL, failed to pay industry creditors for the goods delivered to Defendants PARIGI LTD and PARIGI LLC.

132.    In furtherance of the scheme, Defendants MORRIS SROUR, MARCO SROUR, STELLA JEMAL and HARRY SAUL TAWIL caused Defendants PARIGI LTD and PARIGI LLC to sell their inventory and assign their licenses to Defendant PRG, at a price less than cost and less than fair market, in which each of the individual Defendants had an interest.

133.    At the time of the transfer of the goods and assignment of the licenses, Defendants MORRIS SROUR, MARCO SROUR, STELLA JEMAL and HARRY SAUL TAWIL were aware of the outstanding debts owed to the Plaintiff.

134.    In furtherance of the scheme, Defendants MORRIS SROUR, MARCO SROUR, STELLA JEMAL and HARRY SAUL TAWIL caused the proceeds of the sale of Defendants PARIGI LTD and PARIGI LLC inventory to CIT Bank, N.A. to eliminate any personal debt owed by MORRIS SROUR, MARCO SROUR and STELLA JEMAL.

135.    In furtherance of the scheme, Defendants MORRIS SROUR, MARCO SROUR, STELLA JEMAL and HARRY SAUL TAWIL resold the inventory at a price in excess of cost and equal to fair market value to retainers and/or chain store customers through Defendant PRG.

136.    The Defendants PRG, MORRIS SROUR, MARCO SROUR, STELLA JEMAL and HARRY SAUL TAWIL are in possession of Defendants PARIGI LTD and PARIGI LLC's

property and have exploited the assets, goodwill and business opportunities that belong to Defendants PARIGI LTD and PARIGI LLC.

137.    The aforesaid transactions are the badges of fraud that give rise to an inference of intent.

138.    Such badges of fraud include a close relationship between the parties to the alleged fraudulent transaction; a questionable transfer not in the ususal course of business; inadequacy of the consideration; the transferor's knowledge of the creditor's claim and the inability to pay it; and the retention or control of the property by the transferor after the conveyance.

139.    By reason of the foregoing, the defendants have committed actual fraud in violated New York Debtor and Creditor Law § 276 and a liable to the plaintiff for damages.

## JURY DEMAND

146.    Plaintiff demands trial by jury.

WHEREFORE, Plaintiff QINGDAO respectfully requests that this Court grant the following relief:

    a.    Damages in the amount of $1,722,906.00 jointly against all Defendants;

    b.    Punitive damages;

    c.    An award of prejudgment and post judgment interest;

    d.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    e.    Such other, further, and different relief as this Court deems just and proper.

Dated: Brooklyn, New York
       January 5, 2018

/s/ Alexander M. Dudelson
ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100

To:

LAZARUS & LAZARUS, P.C.
*Attorneys for Defendants*
240 Madison Avenue
New York, New York 10016
(212) 889-7400

Exhibit A

 *Lucky Brand*

(Division of Parigi Group Ltd)
112 West 34th St, Ste #500
New York, NY 10120    TEL. (212) 736-0688

# PURCHASE ORDER

| PURCHASE ORDER # | X-FACTORY |
|---|---|
| YC0686 | 9/18/15 |

| CO | DIV | SEASON | YEAR |
|---|---|---|---|
| 01 | 68 | L | 16 |

Page     1

ORDER FROM      VENDOR #      3720

QINGDAO TANGBO GARMENTS
CO., LTD., 5 F, NO.8
BUILDING, ZHONGLIAN U
QINGDAO CH

AGENT          AGENT #

SHIP TO

PARIGI DISTRIBUTION CTR
330 SOUTH WARMINSTER RD

HATBORO PA 19040

Revisions

| ORDER DATE | SHIP VIA | ORIGIN | F.O.B. PT | DUTY % | QUOTA CATEGORY | TERMS |
|---|---|---|---|---|---|---|
| 18SEP2015 | | CHINA | DDP | 16.600% | 348 | WIRE TRANSFER |

### We are pleased to confirm our order with you with the following requirements

KENDALL BERMUDA W/ BRACELET                    HTS:6204.62.4066

| Style | | Qty | Unit Price | Total Amount |
|---|---|---|---|---|
| VLYS55582 | 111 | 600 | $4.25 | $2,550.00 |
| VLYS55582 | 498 | 600 | $4.25 | $2,550.00 |
| VLYS55584 | 111 | 900 | $4.45 | $4,005.00 |
| VLYS55584 | 498 | 900 | $4.45 | $4,005.00 |
| VLYS55587 | 111 | 1800 | $4.75 | $8,550.00 |
| VLYS55587 | 498 | 2400 | $4.75 | $11,400.00 |
| TOTAL FOR ORDER: | | 7200 | | $33,060.00 |

| Quantity Style / Description / Color | | | Price | Unit | Total |
|---|---|---|---|---|---|
| 600 VLYS55582 | 111 | | 4.25 | U | 2550.00 |
| TOD KENDALL BERMUDA W/BRC  TRUE WHITE | | | 2-2-2 | | |
| 2T      3T      4T | | | | | |
| 200     200     200 | | | | | |
| 600 VLYS55582 | 498 | | 4.25 | U | 2550.00 |
| TOD KENDALL BERMUDA W/BRC  ALLIE WASH | | | 2-2-2 | | |
| 2T      3T      4T | | | | | |
| 200     200     200 | | | CONTINUED.... | | |
| 900 VLYS55584 | 111 | | 4.45 | U | 4005.00 |
| LIT KENDALL BERMUDA W/BRC  TRUE WHITE | | | 1-2-2-! | | |

***PARIGI/BUYING AGENT/DIRECT VENDORS AGREEMENT ***
SELLER SHALL PROVIDE WITH EACH SHIPMENT A TRUE AND COMPLETE TEST REPORT WITH ALL APPLICABLE STANDARTS
UNDER THE UNITED STATES CONSUMER PRODUCT SAFETY ACT AND PURSUANT TO THE UNITED STATES CONSUMER PRODUCT
SAFETY IMPROVEMENT ACT IDENTIFYING THE NAME,ADDRESS AND TELEFONE NUMBER OF THE MANUFACTURER,DATE OF
MANUFACTURE,DATE OF PRODUCT TESTING,THE NAME AND ADDRESS OF THE TESTING ENTITY, THE ADDRESS WHERE THE
WAS CONDUCTED, AND A COPY OF THE TEST REPORT. SELLER SHALL HOLD BUYER HARMLESS FROM ANY LIABILITY TO THIRD
PARTIES AND ANY CIVIL OR CRIMINAL PENALTIES ASSESSED BY ANY GOVERNMENT AGENCY BY REASON OF ANY FALSE
OR INACCURATE TEST REPORT ACCOMPANYING SUCH SHIPMENT, AND CONSEQUENTIAL DAMAGES BY REASON OF THE
FAILURE TO FURNISH A VALID TEST REPORT WITH ANY SHIPMENT.
    ***REQUIREMENTS**
A:1 PC PROTOTYPE/FIT APPRVL SAMPLE IN AVAIL FAB/ACCYS MUST BE SUBMITTED LATEST 2 WEEKS UPON RECPT OF THE
CONFIRMED ORDER.
B:APPVD STRIKE OFFS AND ACTUAL PROD FAB PER CLRWAY WITH MATCHING COLLAR AND CUFFS MUST BE SUBMITTED TO US
FOR FINAL APPRVL PRIOR TO BULK PROD PER CLRWAY AS WELL AS ANY PRINT/EMBS PER CLRWAY.
C: ALL ACCY'S IE. MAIN LBLS, SUB LBLS, CARE LABELS, H/TAGS, PX TKTS, DISCLAIMER TAGS,HANGERS, POLYBAGS,PATCHES,
ECT. MUST BE SUBMITTED TO US FOR FINAL APPRVL PRIOR  TO PRODUCTION.
D:PRE PROD SAMPLES MUST BE SUBMITTED PRIOR TO CUTTING WITH ACTUAL FAB/COLOR/ACCY'S AND TRIMMING.
E. ACTUAL TOP OF PRODUCTION SAMPLES MUST BE SENT PRIOR TO SHIPPING FOR OUR FINAL APPROVAL.
F: NON COMPLIANCE OF ANY OF THE ABOVE MEANS CANCELLATION OF THE ORDER.
G: NON-SHIPMENT OF GOODS ON AGREED DATE COULD MEAN AIR SHPMT AT SELLERS ACCT.

***IMPORTANT**
FOR STYLES MANUFACTURED ON NOV 12
2008 OR AFTER THIS DATE,CPSIA GENERAL
CONFORMITY CERTIFICATE AND LAB TEST
REPORT MUST BE SUBMITTED ALONG WITH
SHIPPING DOCUMENT
300PPM CURRENTLY REQUIRED
100PPM AS OF AUGUST 14,2011

Exhibit B

<u>**AGREEMENT**</u>

AGREEMENT dated October 16, 2015 by and between Parigi Group, Ltd. and each of its affiliates, with an address at 112 West 34th Street, New York, NY 10120 (collectively "Parigi") and QINGDAO TANGBO GARMENTS CO. LTD, with an address at 5F, NO 8 Building Zhonglian 2.5 Industrial Park, 16# ShangQing Road, Qingdao China ("Supplier").

For good and valuable consideration, the parties hereby acknowledge and agree as follows:

1.      Parigi is currently indebted to Supplier in the amount of US$**1,156,292.10** (the "Current Debt") for goods sold and delivered.

2.      Supplier agrees that upon its receipt from Parigi of (a) US$500,000.00 on or before December 31, 2015 (the "First Payment") and (b) an additional US$196,000, payable in 12 consecutive monthly installments of US$16,333.33 each on the 15th day of each month from January 15, 2016 to December 15, 2016 (the "Installments"), then the balance of the Current Debt (over and above the First Payment plus the Installments) in the amount of US$460,292.10 will be automatically cancelled, discharged and forgiven.

3.      Upon receipt of the First Payment and all the Installments, and without any further action by any party, Supplier on behalf of itself and its affiliates, hereby irrevocably and unconditionally, does fully and forever release and discharge Parigi from any and all claims, liabilities, debts and obligations of every kind in connection with or arising out of the Current Debt.

4.      Provided Parigi is not in breach or default of its obligations under Paragraph 2 above, Supplier, for itself and its affiliates, agrees (a) not to assert any claim or institute any suit or action against Parigi at any time with respect to the Current Debt, and (b) to continue to conduct business with Parigi as heretofore, including without limitation acceptance of orders and production and shipment of merchandise on "Cash against Documents" payment terms.

5.      Supplier represents, warrants and covenants that (a) it has the authority to enter into this Agreement on behalf of itself and its affiliates, (b) this Agreement has been duly executed by it, and (c) it has not transferred to any other party any rights related to the Current Debt.

6.    This Agreement shall be governed by the laws of the State of New York and the parties agree to the exclusive jurisdiction of the state and Federal courts located in New York County for the resolution of any controversy between them.

7.    This Agreement constitutes the entire agreement among the parties with respect to the subject matter hereof and supersedes all prior agreements, understanding, negotiations and discussions, both written and oral, among the parties with respect to subject matter hereof.  This Agreement may not be amended, modified or supplemented except in writing by each party.

PARIGI GROUP LTD.

By: MORRIS SROUR
Name:
Title: OWNER.

Supplier:

By:
Name:
Title: